**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PRIDE DISTRIBUTORS, INC.,

        CASE NO. 05-CV-7441-DT

   PLAINTIFF,

        HONORABLE DENISE PAGE HOOD

v.

ANTHONY NUZZOLO,

   DEFENDANT.
_____/

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION/BACKGROUND**

On November 22, 2005, Plaintiff Pride Distributors, Incorporated filed a complaint against Defendant Anthony Nuzzolo seeking declaratory judgment of non-infringement pursuant to 15 U.S.C. § 1114(1) and infringement under 15 U.S.C. § 1116. Plaintiff, a Michigan corporation, manufacturers custom game boards which service the fund raising industry. (Complaint, ¶¶ 5-6) Plaintiff advertises and promotes its business under the mark "YOUR TOWN"-OPOLY the "YOUR TOWN" portion identifying the locale in which the boards are distributed. (Complaint, ¶ 6) The names of businesses who bought the advertising space from the fund raising organization are printed on the game boards. (Complaint, ¶ 7) Plaintiff used the "YOUR TOWN"-OPOLY service mark in 1984, receiving a U.S. Trademark Reg. No. 1,574,005 in December 1989. (Complaint, ¶ 8)

Defendant promotes a game board utilizing the trademark "STATENOPOLY" with the U.S. Trademark Reg. No. 2,633,261 registered to Defendant on October 8, 2002. (Complaint, ¶¶ 11-12) Defendant issued a cease and desist letter to Plaintiff on November 10, 2005 claiming that Plaintiff's

"STATEN ISLANDOPOLY" game provided to St. Christopher's Elementary School in Staten Island, New York, infringed Defendant's "STATENOPOLY" mark. (Complaint, ¶¶ 13-15)

Plaintiff filed the instant Complaint seeking a declaratory judgment that Plaintiff did not infringe Defendant's mark and to order the cancellation of Defendant's mark. Defendant seeks dismissal under Rule 12(b)(2) of the Rules of Federal Procedure, or, alternatively, a transfer of venue under 28 U.S.C. § 1404(a), claiming that the Court does not have personal jurisdiction over Defendant. Plaintiff filed a response and a hearing was held on the matter.

**II.   ANALYSIS**

   **A.   Standard of Review**

Rule 12(b)(2) provides dismissal for lack of jurisdiction over a person. Fed. R. Civ. P. 12(b)(2). When the issue of personal jurisdiction is raised, the burden of proof rests upon the party asserting jurisdiction. *Market/Media Research, Inc. v. Union-Tribune Publishing Co.*, 951 F. 2d 102, 104 (6th Cir. 1992). This burden can be met by establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002) (quotation and citation omitted). The facts will be construed in the light most favorable to the nonmoving party. *Id.* The court need only determine whether a plaintiff presented a *prima facie* showing of jurisdiction on the face of the complaint. *Market/Media Research, Inc.*, 951 F. 2d at 104. This may include the pleadings and any affidavits to support any factual allegations. *Id.* Dismissal is warranted only if all the facts plaintiff asserts "collectively [fail] to state a *prima facie* case for jurisdiction." *Id.* at 105. A district court is not required to hold an evidentiary hearing when a plaintiff's pleadings and affidavits are insufficient to make a *prima facie* showing of fact supporting the court's assertion of *in personam*

jurisdiction. *Id.* at 106.

The Complaint in this case alleges a federal question involving trademark claims under 15 U.S.C. §§ 1114, 1116. Nationwide service is not authorized under the trademark statutes, therefore, personal jurisdiction is determined according to the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A). In analyzing Michigan's long-arm statute, Michigan courts have construed the statute to bestow the greatest possible grant of personal jurisdiction consistent with due process. *See Sifers v. Horen,* 385 Mich. 195, 1999 (1971). Where a state's long-arm statute extends to the constitutional limits of the Due Process Clause, the two inquiries merge; courts must only determine whether an assertion of personal jurisdiction over the defendant violates the Due Process Clause. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 793 (6th Cir.1996).

Based on Supreme Court cases, *Int'l Shoe v. Washington,* 326 U.S. 310, 316 (1945), *Hanson v. Denckla,* 357 U.S. 235, 253 (1958), *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985), and *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295 (1980), the Sixth Circuit has set forth a three-part test to determine whether due process requirements have been met :

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 150 (6th Cir. 1997) (known as the *Mohasco* factors set forth in *Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)).

### B. Cease and Desist Letter

Plaintiff claims that Defendant has purposefully availed himself and has had minimum contacts with the State of Michigan by issuing the November 10, 1995 cease and desist letter to

3

Plaintiff. Courts that have addressed the issue of whether a cease and desist letter constitutes minimum contacts sufficient to establish personal jurisdiction have held that cease and desist letters and letters stating litigation efforts by a non-resident defendant to protect its own rights against a plaintiff do not constitute express targeting or aiming of the plaintiff rendering the defendant subject to specific jurisdiction in the plaintiff's home forum state. *Calphalon v. Corp. v. Rowlette,* 228 F.3d 718, 723 (6th Cir. 2000); *Cadle Co. v. Schlichtmann,* 123 F3d. Appx. 675, 2005 WL 293666 (6th Cir. Feb. 8, 2005)(unpublished); *Impact Prod., Inc. v. Impact Prod., LLC,* 341 F. Supp. 2d 1186, 1191-92 (D. Col. 2004); *Yahoo! Inc. v. La Ligue Contre Le Racisme e L'Antisemitisme,* 379 F.3d 1120, 1125 (9th Cir. 2004); *Elima Biotronics, LLC v. Fuente Cigar Ltd.,* 291 F. Supp. 2d 1182, 1184-85 (D. Nev. 2003).

The Court finds that the November 10, 1995 cease and desist letter issued by Defendant to Plaintiff and the negotiations thereafter to resolve the matter, do not constitute purposeful availment nor establish minimum contact by Defendant sufficient for the Court to exercise personal jurisdiction over Defendant.

### C.    Website

In its response to Defendant's Motion to Dismiss, Plaintiff argues that Defendant's interactive website is sufficient for the Court to exercise personal jurisdiction over Defendant. There is no mention of Defendant's website in Plaintiff's Complaint. However, Plaintiff submitted an affidavit and documents supporting its argument that Defendant's website is interactive.

The Sixth Circuit has held that the operation of "a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction," even where the website enables the defendant to do business with the residents of the forum state, because such activity does not

4

"approximate[ ] physical presence within the state's borders." *Bird v. Parsons,* 289 F.3d 865, 874 (6th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415-18, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). "However, the operation of a website may justify specific jurisdiction, if it satisfies the three factors set forth in *Southern Machine [Mohasco],* namely, if the operation of the website constitutes purposeful availment, is the basis of the cause of action against the defendant, and jurisdiction over the defendant is reasonable." *Cadle Co.,* 123 Fed. Appx. at 677-78, 2005 WL 293666 at \*\*2. The "operation of an Internet website can constitute the purposeful availment of the privilege of acting in a forum state ... if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Bird,* 389 F.3d at 874 (internal quotations omitted). The Sixth Circuit has used the "*Zippo* sliding scale" approach in evaluating whether a defendant's contact with the forum state constituted purposeful availment. *See, e.g., Neogen Corp.,* 282 F.3d at 890 (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1124 (W.D. Pa. 1997)); *Cadle Co.,* 124 Fed. Appx. At 678, 2005 WL 293666 at \*\*3.

There are three categories of interactivity for a website: 1) highly interactive where there is the ability to download and enter into contracts; 2) middle ground interactive where information is exchanged between users in different states; and 3) passive where only information is available and there is no ability to enter into contracts and/or exchange information. *Audi AG and Volkswagon of America, Inc. v. D'Amato*, 341 F.Supp.2d 734, 742-43 (E.D. Mich. 2004). In the highly interactive end of the scale, a defendant clearly does business over the Internet if the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet. *Zippo,* 952 F.Supp. At 1124 (citing *CompuServe, Inc. v. Patterson,* 89 F.2d 1257, 1264-66 (6th Cir. 1996) (The defendant had purposefully directed

5

his business activities toward Ohio by knowingly entering into a contract with an Ohio resident and then deliberately and repeatedly transmitting files to Ohio).). "If a website is '"semi-interactive,' 'the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs.'" *Cadle Co.,* 123 F.3d. Appx. at 678, 2005 WL 293666 at \*\*3 (quoting *Zippo*, 942 F.Supp. at 1124)). Interactive websites can subject the defendant to specific personal jurisdiction if a plaintiff alleges that any interaction or exchange of information occurred between the defendant and the forum state via the website. *Cadle Co.,* 123 F.3d. Appx. at 678, 2005 WL 293666 at \*\*3 (Because the plaintiff has not alleged that any interaction or exchange of information occurred between the defendant and the forum residents via the website, personal jurisdiction over the defendant does not exist based on the nature of the website.). Passive websites are less likely to confer such jurisdiction. *Neogen Corp.*, 282 F.3d at 889-91.

Plaintiff submitted the declaration of its counsel, Robert A. Dunn, to support the argument that Defendant's website is interactive. (Ex. A to Plaintiff's Motion) Mr. Dunn indicated he placed an order for "STATENOPOLY" on May 16, 2006 to confirm operation of the website. (Dunn Aff., ¶ 3) Mr. Dunn paid via "PayPal," the order was accepted and funds were transferred from his account to sales@statenopoly.com. (Dunn Aff., ¶3) On May 17, 2006, a credit was issued to Mr. Dunn's account from sales@statenopoly.com with the message, "Sorry, but the game is not available at this time. We are currently not accepting any new orders." (Dunn Aff., ¶ 3; Ex. B to Aff.) Mr. Dunn further states that he received a copy of Defendant's "Statenopoly" from his client and that "[u]pon information and belief, the "Statenopoly" game was shipped to Michigan. (Dunn Aff., ¶¶4-5)

Based on Mr. Dunn's affidavit, the Court finds that Defendant's website is not a highly

interactive website but may be considered semi-interactive with regards to Defendant's interactions with the State of Michigan.  Mr. Dunn's access to the website (not Plaintiff's) allowed Mr. Dunn to  enter into a contract with Defendant's website to purchase a STATENOPOLY game from Defendant.  However, Mr. Dunn's account was credited with the note indicating that the game was not available and the website was not accepting any new orders.  This is the only contact Plaintiff shows Defendant had with Michigan.  Plaintiff has not shown that Defendant entered into contracts with residents of Michigan that involved the knowing and repeated transmission of orders over the Internet.  *See, Zippo,* 952 F.Supp. at 1124 and *CompuServe,* 89 F.3d at 1264-66.  Plaintiff has not alleged that any interaction or exchange of information occurred between the defendant and the forum state via the website, other than Mr. Dunn's access to Defendant's website.  The Complaint is devoid of any reference to Defendant's website.

Plaintiff alleges that Defendant accused Plaintiff of trademark infringement by writing a letter dated November 10, 2005 to Plaintiff in Michigan.  (Complaint, ¶ 13) Plaintiff's trademark infringement claim against Defendant in Count II of the Complaint makes no mention the time and place of the infringement, except for the cease and desist letter dated November 10, 2005.  Although Mr. Dunn's access to Defendant's website shows that the website may be sufficiently interactive, the Court must also consider the website alongside with Defendant's other interactions with Michigan residents.  *Neogen*, 282 F.3d at 891.  Plaintiff has not shown that Defendant has had other interactions with Michigan residents, other than Mr. Dunn's vague statement that "[u]pon information and belief, the "Statenopoly" game was shipped to Michigan."  (Dunn Aff., ¶ 5) There is no allegation or affidavit to support any facts that the STATENOPOLY game Plaintiff received was ordered from and shipped by Defendant.  Plaintiff has not shown that Defendant targeted any

7

Michigan residents outside of the one access Mr. Dunn had with Defendant's website.

Viewing the Complaint and the affidavit submitted by Mr. Dunn in the light most favorable to Plaintiff, Defendant's operation of the website does not constitute purposeful availment by Defendant since Plaintiff has not shown additional contacts by Defendant with Michigan other than the one time access by Mr. Dunn to the website in order to determine whether it was operational. Mr. Dunn's account was credited and the website indicated no orders were currently being taken. The Court further finds that the website was not the basis of the cause of action against Defendant since the Complaint does not allege that the website caused Plaintiff harm; rather, Plaintiff alleges that it was Defendant's November 10, 2005 cease and desist letter that forms a basis of this action. As noted above, the cease and desist letter cannot confer personal jurisdiction over Defendant. The Court, therefore finds that conferring personal jurisdiction over Defendant would not be reasonable since Plaintiff has not carried its burden of showing purposeful availment and that the website was the basis of the cause of action against Defendant.

### III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss **(Docket No. 8, filed May 3, 2006)** is GRANTED, the Motion to Transfer is, therefore, MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice. Plaintiff may refile its case in the appropriate United States District Court if it so wishes.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: April 10, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 10, 2007, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager